# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC WATERMAN, | Case No. _____ |
| Plaintiff, | |
| v. | <u>JURY TRIAL DEMANDED</u> |
| TIVITY HEALTH, INC., ANTHONY M. SANFILIPPO, RICHARD ASHWORTH, SARA J. FINLEY, ROBERT J. GRECZYN, JR., BETH M. JACOB, BRADLEY S. KARRO, STEPHANIE DAVIS MICHELMAN, and ERIN L. RUSSELL, | **COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934** |
| Defendants. | |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On April 5, 2022, Tivity Health, Inc. ("Tivity" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") to be acquired by Titan-Atlas Parent, Inc. and Titan-Atlas Merger Sub, Inc. (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Tivity's stockholders will receive $32.50 in cash per share.

3. On May 24, 2022, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

**THE PARTIES**

8. Plaintiff is and has been continuously throughout all relevant times the owner of Tivity common stock.

9. Defendant Tivity is a Delaware corporation. Tivity's common stock is traded on the NASDQ under the ticker symbol "TVTY."

10. Defendant Anthony M. Sanfilippo is Chairperson of the Board of Directors of Tivity (the "Board").

11. Defendant Richard Ashworth is President, Chief Executive Officer, and a member of the Board.

12. Defendant Sara J. Finley is a member of the Board.

13. Defendant Robert J. Greczyn, Jr. is a member of the Board.

14. Defendant Beth M. Jacob is a member of the Board.

15. Defendant Bradley S. Karro is a member of the Board.

16. Defendant Stephanie Davis Michelman is a member of the Board.

17. Defendant Erin L. Russell is a member of the Board.

18. Defendants identified in ¶¶ 10-17 are referred to herein as the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

19. Tivity is a leading provider of healthy life-changing solutions, including SilverSneakers®, Prime® Fitness, and WholeHealth Living®.

20. On April 5, 2022, Tivity entered into the Merger Agreement.

21. The press release announcing the Proposed Merger provides as follows:

Tivity Health® (Nasdaq: TVTY), a leading provider of healthy life-changing solutions, including SilverSneakers®, Prime® Fitness and WholeHealth Living®, today announced that it has entered into a definitive agreement to be acquired by funds managed by Stone Point Capital. Under the terms of the agreement, Tivity Health stockholders will receive $32.50 in cash per share, representing a total transaction value of $2.0 billion. Upon completion of the transaction, Tivity Health will become a privately held company, and its common stock will no longer be traded on Nasdaq.

Anthony Sanfilippo, Chairman of the Board of Directors of Tivity Health, said, "This agreement with Stone Point creates immediate and substantial value for shareholders while ensuring the company continues to help SilverSneakers' members live healthier, happier and more connected lives as a leading senior fitness and health improvement platform. This transaction is the culmination of an extensive review of strategic alternatives that the Board initiated after receiving an unsolicited proposal from Stone Point. As part of that review, the Board engaged with numerous potential acquirers with the assistance of outside advisors. The Board unanimously agreed that the transaction with Stone Point is the best opportunity for maximizing the value of Tivity Health. I am proud of what this company has accomplished for all stakeholders, in navigating the pandemic, streamlining and focusing the business, and executing on its strategy. Because of our team's incredible work and dedication, over the past twelve months, Tivity Health stock has delivered a return of approximately 40%, and since February 28, 2020, has delivered a 155% return."

Richard Ashworth, President and Chief Executive Officer of Tivity Health commented, "Stone Point recognizes the value of our brands, our well-known senior fitness and health improvement platform, and our world-class team. In the past two years, we have strengthened the business and look forward to working

with Stone Point as we continue to innovate and expand on the healthy, life-changing solutions we provide to members, clients and partners."

Chuck Davis, CEO of Stone Point, said, "We have followed Tivity Health's success for many years and have admired the positive impact it has had on the health and well-being of seniors who participate in its programs. We believe that the company is well positioned to leverage its market leading SilverSneakers® brand to capitalize on attractive secular tailwinds. We look forward to working with the company to broaden its service offerings to seniors to assist them in leading healthier lives. Stone Point is thrilled to partner with the Tivity Health management team to support the company in its next phase of growth."

**Transaction Details**

The $32.50 in cash per share to be received by Tivity Health stockholders represents a 20% premium to the 90-day volume-weighted average price (VWAP) ending April 4, 2022. Fully committed debt financing has been obtained and the transaction is not subject to a financing condition. The transaction is expected to close in or prior to the third quarter of 2022, subject to the receipt of shareholder approval, regulatory approval and other customary closing conditions. Following completion of the transaction, Tivity Health will become a privately held company.

Richard Ashworth will remain President and Chief Executive Officer of Tivity Health, upon closing of the transaction, and the Company will maintain its headquarters in Franklin, Tennessee and its campus location in Chandler, Arizona.

**Advisors**

Lazard is acting as the exclusive financial advisor to Tivity Health and Bass Berry & Sims PLC is serving as legal counsel to the Company. Truist Securities is acting as exclusive financial advisor to Stone Point and Kirkland & Ellis is serving as legal advisor to Stone Point.

22. On May 24, 2022, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

23. The Proxy fails to disclose material information regarding the Company's financial projections, specifically: the line items underlying the financial projections.

24. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows

stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

Financial Analyses

25. The Proxy fails to disclose material information regarding the financial analyses conducted by Lazard. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

26. Regarding Lazard's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values utilized by Lazard; (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by Lazard; and (iii) the net debt utilized by Lazard.

27. Regarding Lazard's Public Company Trading Analysis, the Proxy fails to disclose the individual multiples and metrics for the companies utilized by Lazard.

28. Regarding Lazard's Illustrative Leveraged Buyout Analysis, the Proxy fails to disclose the inputs and assumptions underlying the internal rate of return and multiples utilized by Lazard.

29. Regarding Lazard's Premiums Paid Analysis, the Proxy fails to disclose: (i) the transactions utilized by Lazard; and (ii) the premiums paid in the transactions utilized by Lazard.

30. Regarding Lazard's Equity Research Analyst Price Targets analysis, the Proxy fails to disclose: (i) the price targets utilized by Lazard; and (ii) the sources of the price targets utilized by Lazard.

Background of the Proposed Merger

31. The Proxy fails to disclose whether Tivity signed any NDAs containing don't ask, don't waive provisions.

# COUNT I

**Claim Against the Individual Defendants and Tivity for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

32. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

33. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

34. Tivity is liable as the issuer of these statements.

35. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

36. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

37. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

38. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

39. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

40. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

41. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

42. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of Tivity within the meaning of Section 20(a) of the Exchange Act as alleged herein.

44. Due to their positions as officers and/or directors of Tivity and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

47. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

48. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

49. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

50. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

51. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: May 26, 2022 **GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#5906953)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*